UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

v.                                                      NO. 17-169

Tony Lam                                                SECTION "F"

ORDER AND REASONS

Before the Court is Tony Lam's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. For the following reasons, the motion is DENIED, and no certificate of appealability shall issue.

**Background**

In September of 2017, Mr. Lam waived his right to prosecution by indictment and consented to prosecution by information on a charge of distribution of a Schedule I controlled sentence. After nearly a year, Mr. Lam entered a plea of Guilty in August of 2018. In December, Mr. Lam was sentenced by this Court to a term of 327 months.

Before his indictment on these federal charges, Mr. Lam had been twice convicted of conspiracy to possess controlled substances with intent to distribute. As such, Mr. Lam was labelled a "career offender" as per U.S.S.G. § 4B1.2, which made

1

his advisory guidelines imprisonment range between 262 and 327 months. Mr. Lam's counsel did not object to the career offender enhancement or to the calculation which produced the guidelines range.[1] The failure to object to that enhancement drives this § 2255 motion.

Mr. Lam appealed his sentence to the Fifth Circuit on two grounds. First, he asserted that the Court erred in applying the career offender enhancement. Second, he asserted that his counsel was ineffective for failing to object to the pre-sentencing report in which the enhancement was included. The Fifth Circuit affirmed Mr. Lam's conviction and sentence, holding that this Court had not clearly and obviously erred. As such, the Fifth declined to consider Mr. Lam's ineffective assistance of counsel claim and did so without prejudice to his ability to seek collateral review. The United States Supreme Court denied Mr. Lam's petition for writ of certiorari in October of 2020, and Mr. Lam filed this motion in May of 2021.

## Analysis

### I.

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255, claiming a right to release from custody on the ground that a sentence ordered by a federal court "was imposed in

---

[1] Mr. Lam's counsel did, however, submit a sentencing memorandum requesting a below-guidelines sentence.

violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255.[2]  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Gaudet, 81 F.3d 585, 589 (5 Cir. 1996) (citations and internal quotation marks omitted).  A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid." United States v. Addonizio, 442 U.S. 178, 185 (1979).

The Court "may entertain and determine such motion without requiring the production of the prisoner at the hearing."  28 U.S.C. § 2255.  Having considered the record, the motion, and the government's responses, the Court finds that the record is adequate to address the petitioner's claims and to dispose of them as a matter of law.  Accordingly, no evidentiary hearing is necessary. See United States v. Walker, 68 F.3d 931, 934 (5 Cir. 1995) ("if on th[e] record we can conclude as a matter of law that [the petitioner] cannot establish one or both of the elements necessary

---

[2] Section 2255 identifies only four bases that might support a motion to vacate: (1) the sentence was imposed in violation of the Constitution of laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  Id.

3

to establish his constitutional claim, then an evidentiary hearing is not necessary").

A habeas petitioner has the burden of establishing his claims by a preponderance of the evidence. Wright v. United States, 624 F.2d 557, 558 (5 Cir. 1980) (citations omitted). If the Court finds that the petitioner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

## II.

A petitioner has one year within which to file his habeas corpus claim. 28 U.S.C. § 2255(f). This one-year period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. If a petitioner files a § 2255 motion beyond the applicable one-year mark, the Court must dismiss the petition as untimely.

4

Mr. Lam's judgment became final when the Supreme Court denied his petition for a writ of certiorari on October 5, 2020.  As such, the one-year period that Mr. Lam had to file his habeas corpus petition under 28 U.S.C. § 2255 commenced on that date.  Mr. Lam's petition was filed on May 24, 2021 and is therefore timely.

### III.

### A. Legal Standard

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. Amend. VI.  The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984).

Ineffective assistance of counsel claims are reviewed under Strickland's two-prong standard: a habeas petitioner must "show that counsel's performance was deficient" and that "the deficient performance prejudiced the defense."  Id. at 697.  Deficient performance is established by showing "that counsel's representation fell below an objective standard of reasonableness."  Id. at 688.  In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of

5

hindsight." Bell v. Cone, 535 U.S. 685, 702 (2002) (citation omitted). In other words, "judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

The prejudice prong requires that the petitioner show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694 ("[a] reasonable probability is a probability sufficient to undermine confidence in the outcome" of a proceeding). Significantly, "[t]his is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result." United States v. Wines, 691 F.3d 599, 604 (5th Cir. 2012) (citations omitted). Finally, because the petitioner must make both showings to obtain habeas relief, there is no requirement that a court "address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

## B. Analysis

Mr. Lam contends that his counsel was ineffective in failing to object to the career offender enhancement. The Sentencing Guidelines provide in part that "[a] defendant is a career offender if … (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." (U.S.S.G. § 4B1.1). "Controlled substance offense" is defined in

§ 4B1.2 of the Sentencing Guidelines as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance … or the possession of a controlled substance … with intent to manufacture, import, export, distribute, or dispense."  An application note to this section states: "For purposes of this guideline … 'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."  U.S.S.G. § 4B1.2, cmt. n. 1.  That application note is at the heart of this motion.  Mr. Lam contends that the application note "impermissibly expand[s] the career offender guideline's definition of a controlled substance offense beyond the statutory directive."

The question before the Court, however, is not whether Mr. Lam is correct.  It is whether Mr. Lam's counsel performed deficiently in failing to raise this argument. At the outset, the Court notes that the Fifth Circuit rejected Mr. Lam's substantive argument on appeal.  Mr. Lam brought this same argument before the Fifth Circuit, which reviewed this Court's sentencing for plain error.  See United States v. Lam, 803 Fed. Appx. 796, 797 (5 Cir. 2020).  Citing to United States v. Lightbourn, in which the Fifth stated that "[t]he Sentencing Commission has … lawfully included drug conspiracies in the category of crimes triggering classification as a career offender under § 4B1.1 of the Sentencing

7

Guidelines," 115 F.3d 291, 293 (5 Cir. 1997), the Fifth ruled that Mr. Lam had not shown plain error. Lam, 803 Fed. Appx. At 797.

As the Fifth Circuit noted, however, Mr. Lam's appeal was reviewed for plain error only because his counsel did not raise an objection in this Court. Had counsel objected, Mr. Lam's contentions regarding this Court's interpretation and application of the Sentencing Guidelines would have been reviewed *de novo*. See Lam, 803 Fed. Appx. at 797. Mr. Lam contends that a *de novo* review would have changed the outcome of his appeal, and that counsel was therefore deficient for failing to raise the argument.

The Court disagrees. First, the Court notes that counsel is not expected to "anticipate changes in the law or raise meritless objections." United States v. Fields, 565 F.3d 290, 296 (5 Cir. 2009) (citations omitted). Counsel is required "to research facts and law and raise meritorious arguments based on controlling precedent." Id. (citation omitted). In this case, controlling precedent runs contrary to Mr. Lam's argument. As noted, the Fifth Circuit stated in Lightbourn that the application note validly includes conspiracy charges

In response, Mr. Lam presents two contentions. First, he argues that Lightbourn is distinguishable and dealt with this issue only in dicta. Second, he notes that other circuits have ruled otherwise on this issue and suggests that the Fifth would reconsider its jurisprudence based on the Supreme Court's recent decision in Kisor

v. Wilkie, 139 S. Ct. 2400 (U.S. 2019). As Mr. Lam notes, Kisor was issued after his sentencing, so counsel cannot be faulted for failing to cite a case that did not yet exist. And while other Circuit Courts have held that inchoate crimes cannot be annexed into the guidelines by means of the application note, see United States v. Winstead, 890 F.3d 1082, 1091 (D.C. Cir. 2018), see also United States v. Havis, 927 F.3d 382, 387 (6 Cir. 2019),[3] Fifth Circuit precedent controls in this Court.[4]

Mr. Lam's claims concerning Lightbourn must likewise fail. The Fifth Circuit declined to rule on whether the relevant language in Lightbourn is dictum but noted that "[a]lthough not precedential, dictum is persuasive authority." Lam, 803 Fed. Appx. at 797 (citation omitted). But whether the language is dicta or essential, other Fifth Circuit cases have followed suit. See,

---

[3] Havis was decided after Mr. Lam's sentencing, and it appears that the Sixth Circuit had previously held that inchoate convictions count towards application of the career offender enhancement. See United States v. Solomon, 592 Fed. Appx. 359 (6 Cir. 2014).

[4] Mr. Lam cites an unpublished Fifth Circuit decision which he claims upholds his claim that, post-Kisor, the Fifth is ready to reconsider its jurisprudence on this issue. In part, the opinion from Judge Jones reads: "[i]f … we were not constrained by Lightbourn, our panel would be inclined to agree with the Third Circuit [that convictions for inchoate and conspiracy charges should not be annexed into the definition for purposes of the career offender enhancement." United States v. Goodin, 835 Fed. Appx. 771, 782 n.1. While this may indicate a willingness on the Fifth's part, this opinion simply reinforces the fact that controlling precedent in this Circuit holds otherwise, and that counsel was therefore not deficient in failing to raise a contention foreclosed by precedent.

9

e.g., United States v. Lucius, 737 Fed. Appx. 685, 686 (5 Cir. 2018) (noting that "application note 1 to § 4B1.2 specifically states that a crime of violence includes 'the offenses of aiding and abetting, conspiring, and attempting to commit such offenses'").[5]

Counsel could have objected to the application of this enhancement to Mr. Lam. Seen through the "highly deferential" lens by which courts must treat counsel's conduct, Mr. Lam has not met his burden. Controlling precedent in the Fifth Circuit holds that conspiracy convictions count for purposes of the career offender enhancement. Therefore, counsel cannot be said to have been unreasonable for failing to object to application of the enhancement.

Finally, because the Court finds that Mr. Lam has failed to show that "counsel's performance was deficient," Strickland, 466 U.S. at 697, it need not analyze Mr. Lam's claims under the second Strickland prong at length. The Court notes, however, that even if counsel had preserved this issue for *de novo* review on appeal, Fifth Circuit precedent, as already discussed, would have been

---

[5] See also United States v. Kendrick, 980 F.3d 432, 444 (5 Cir. 2020) ("Given that Lightbourn has not been overturned, its holding - conspiracies … qualify as controlled-substance offenses - remains binding here"). As Kendrick was decided well after Mr. Lam's sentencing, counsel cannot be credited for anticipating it. However, it demonstrates that the Fifth has not reversed course on this issue.

10

against Mr. Lam. As such, it is unlikely that Mr. Lam was prejudiced by his counsel's decision not to object. Mr. Lam has failed to carry his burden on either Strickland prong.

IV.

Rule 11 of the Rules Governing Section 2255 Proceedings states:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.

A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to obtain a certificate of appealability, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). Mr. Lam has not met the strict Strickland test for proving ineffective assistance of counsel. While counsel could have objected to application of the career offender enhancement, Mr. Lam has not shown that his counsel was ineffective not to do so. Because he has not made a substantial showing of the denial

of a constitutional right, the Court will not issue a certificate of appealability.

***

Accordingly, for the foregoing reasons, IT IS ORDERED that Mr. Lam's motion is DENIED. IT IS FURTHER ORDERED: that, because he has not made the requisite showing, the Court shall not issue a certificate of appealability.

New Orleans, Louisiana, October 6, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE