UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 17-169** |
| **TONY LAM** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Tony Lam's Motion for Compassionate Release (Doc. 104). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Defendant Tony Lam is currently serving a 327-month sentence for distribution of 40 grams or more of a mixture and substance containing Fentanyl in violation of 21 U.S.C. § 841. Defendant has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of changes in the law under the First Step Act ("FSA"), his "erroneous career offender enhancement," his "history and post-conviction rehabilitation efforts, and his plans upon release."[1] The Government opposes.

---

[1] Doc. 104.

## **LEGAL STANDARD**

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[2] Section 3582(c), as amended by the First Step Act, states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

---

[2] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

The statute does not define "extraordinary and compelling reasons." Rather, the Sentencing Commission was directed by Congress to promulgate policy statements describing what should be considered an extraordinary or compelling reason for sentence modification. The Sentencing Commission's policy statement sets forth factors based on a Defendant's health, age, or family circumstance.[3] The policy statements have not, however, been amended since the enactment of the First Step Act, "and consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as amended."[4] In recognizing this discrepancy,

> [m]any courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants pursuant to the First Step Act. Accordingly, other district courts have found that they have discretion to determine what constitutes an "extraordinary and compelling reason[ ]" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive.[5]

Indeed, the Fifth Circuit has joined the Second, Fourth, Sixth, Seventh, and Tenth Circuits in holding that "neither the [Sentencing Commission's] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582."[6] Accordingly, this Court is not

---

[3] U.S.S.G. 1B1.13.

[4] *Id.*

[5] *Id.*

[6] United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021). *See e.g.,* United States v. McGee, 992 F.3d 1035, 1050 (10th Cir. 2021) ("[T]he Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."); United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020) ("By its plain terms, in short, § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)".); United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary

constrained by the Commission's policy statement in considering whether Defendant has presented an extraordinary and compelling reason for modification of his sentence. It is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."[7]

"Having concluded that the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release, the question remains whether the extraordinary and compelling reasons cited by [Defendant] warrant compassionate release."[8] The Fifth Circuit has recognized that district courts may consider whether "nonretroactive sentencing changes . . . , either alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons for a reduction in sentence."[9] Other courts have also found it appropriate to consider whether a sentence modification is warranted in light of the disparity between a defendant's actual sentence and the sentence that he would receive if the First Step Act applied, but they have counseled that such a disparity is insufficient on its own to warrant relief.[10] "[I]t can only be the combination of such a sentence and a defendant's unique circumstances that constitute 'extraordinary and compelling reasons.'"[11]

---

and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

[7] *Shkambi*, 993 F.3d at 393.
[8] United States v. Price, 496 F. Supp. 3d 83, 87 (D.D.C. 2020).
[9] United States v. Cooper, 996 F.3d 283, 289 (5th Cir. 2021).
[10] United States v. Owens, 996 F.3d 755, 764 (6th Cir. 2021); *McGee*, 992 F.3d at 1050.
[11] *McGee*, 992 F.3d at 1048. *See Owens*, 996 F.3d at 763 ("In accordance with our holding that, in making an individualized determination about whether extraordinary and

## LAW AND ANALYSIS

Despite the Government's suggestion otherwise, Defendant shows that he has satisfied the administrative exhaustion requirements of § 3582(c)(1)(A) by submitting a request for release to the warden of his facility. Defendant attached a copy of his request, dated May 19, 2022, to his Motion.[12] Accordingly, this Court will consider his request on its merits.

Defendant asserts several grounds that he argues collectively present an extraordinary and compelling reason to reduce his sentence. First, Defendant argues that there is a disparity between the sentence he received and the one he would have received under the FSA. Prior to his sentencing, the Government filed a bill under 21 U.S.C. § 851 to enhance his mandatory minimum term of imprisonment from five to ten years in light of a prior conviction. Defendant argues that under the amendments to the FSA, that prior conviction would no longer qualify as an enhancement under § 851 because it is not a "serious drug offense." Section 924(e)(2)(A)(i) defines "serious drug offense" as an offense under the Controlled Substances Act . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."[13] Additionally, for a prior conviction to qualify for an enhancement, the defendant must have served a term of imprisonment of more than 12

---

compelling reasons merit compassionate release, a district court may include, along with other factors, the disparity between a defendant's actual sentence and the sentence that he would receive if the First Step Act applied, we remand to the district court for further proceedings."); *McCoy*, 981 F.3d at 286 ("[W]e note that in granting compassionate release, the district courts relied not only on the defendants' § 924(c) sentences but on full consideration of the defendants' individual circumstances.").

[12] Doc. 104-1.
[13] 18 U.S.C. § 924.

months and his release from imprisonment must have been within 15 years of the commencement of the offense of conviction.[14] In 2009, Defendant pleaded guilty in the Western District of Texas to conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. This crime carried a maximum sentence of 40 years, and Defendant served 80 months in prison.[15] Accordingly, Defendant's prior conviction would still qualify as a "serious drug offense" under the First Step Act, and he could have faced an enhanced mandatory minimum. There is therefore no disparity in sentence supporting compassionate release.

Defendant next argues that he was erroneously classified as a career offender because his prior convictions were conspiracy charges. He argues that conspiracy charges are not enumerated as predicates for enhanced sentences under the sentencing guidelines.[16] Defendant raised this argument on direct appeal and in his § 2255 Motion, and it was rejected.[17] Current binding Fifth Circuit precedent provides that drug conspiracies are included in the category of crimes triggering classification as a career offender.[18] Accordingly,

---

[14] 21 U.S.C. § 802(57).
[15] 21 U.S.C. § 841 (2009).
[16] *See* U.S.S.G. 4B1.2.
[17] Doc. 88.
[18] *See* United States v. Lightbourn, 115 F.3d 291, 293 (5th Cir. 1997). The Fifth Circuit recently confirmed that *Lightbourn* is still good law "absent an intervening change in law, such as by statutory amendment, or the Supreme Court, or our en banc court." United States v. Vargas, 35 F.4th 936, 940 (5th Cir. 2022) ("[W]e cannot say here that *Kisor* unequivocally overruled our precedent holding that § 4B1.1's career-offender enhancement includes inchoate offenses like conspiracy."). However, the court thereafter granted *en banc* rehearing on the issue, but no new opinion has yet been issued. United States v. Vargas, 45 F.4th 1083 (5th Cir. 2022). Accordingly, this Court remains bound by *Lightbourn*.

Defendant has not shown an extraordinary and compelling reason for compassionate release.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 26th day of October, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**