UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 17-169** |
| **TONY LAM** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Tony Lam's Motion for Compassionate Release (Doc. 112). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Defendant Tony Lam is currently serving a 327-month sentence for distribution of 40 grams or more of a mixture and substance containing Fentanyl in violation of 21 U.S.C. § 841. Defendant's guideline-range sentence was a result of a career offender enhancement under U.S.S.G. § 4B1.1(b) in light of two prior convictions for conspiracy to possess with intent to distribute controlled substances.

Defendant has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). This is Defendant's second such request. In June 2022, Defendant sought compassionate release in light of changes in the law under

1

the First Step Act ("FSA"), his "erroneous career offender enhancement," his "history and post-conviction rehabilitation efforts, and his plans upon release."[1] This Court denied Defendant's Motion, holding that he had not shown an extraordinary and compelling reason for release where the FSA would not have changed his mandatory minimum sentence and his classification as a career offender was not erroneous.[2]

Defendant now moves again for compassionate release on similar grounds. This time he focuses on the alleged unconstitutionality of his career offender classification. The Government opposes.

## **LEGAL STANDARD**

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[3] Section 3582(c), as amended by the First Step Act, states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set

---

[1] Doc. 104.
[2] Doc. 110.
[3] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

> forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The statute does not define "extraordinary and compelling reasons." Rather, the Sentencing Commission was directed by Congress to promulgate policy statements describing what should be considered an extraordinary or compelling reason for sentence modification. On November 1, 2023, the Sentencing Commission issued an amended policy statement applicable to motions filed by the Director of the Bureau of Prisons and motions filed by the defendant, which sets forth circumstances that are considered "extraordinary and compelling."[4] These include the defendant's health, age, family circumstances, whether the defendant was a victim of abuse while incarcerated, whether he is serving an unusually long sentence, and "other

---

[4] U.S.S.G. § 1B1.13 (amended Nov. 1, 2023).

reasons."[5] "Other reasons" are defined as those that are "similar in gravity" to the reasons described in the policy statement.[6]

## LAW AND ANALYSIS

Despite the Government's suggestion otherwise, Defendant shows that he has satisfied the administrative exhaustion requirements of § 3582(c)(1)(A) by submitting a request for release to the warden of his facility. Defendant attached a copy of his request, dated December 13, 2023, to his Motion.[7] Accordingly, this Court will consider his request on its merits.

In his Motion, Defendant does not specify which of the extraordinary and compelling circumstances under the policy statement he believes entitles him to compassionate release. Instead, Defendant argues that the Court's treatment of his prior conspiracy charges as predicate offenses for a career offender enhancement was unconstitutional. Defendant argues that the application of a career offender enhancement to his sentence violates (1) the separation of powers principle; (2) the due process clause; and (3) the equal protection clause. He argues that these constitutional violations, in addition to his rehabilitation and plans for release, constitute extraordinary and compelling reasons for his release or a reduction in sentence.

First, Defendant contends that the sentencing commission violated the separation of powers principle when it went beyond its mandate in including drug conspiracies in the category of crimes triggering classification as a career

---

[5] *Id.*
[6] *Id.*
[7] Doc. 112-6.

4

offender instead of limiting that classification to the offenses enumerated in § 994(h). Defendant contends that, by its plain language, § 994(h) does not include conspiracy crimes, and the Court should therefore not allow the sentencing commission to "usurp the legislative power of Congress and add offenses that Congress did not express nor intend in its statutory directive."[8] The Fifth Circuit, however, has rejected the argument that the sentencing commission's inclusion of drug conspiracies in the list of offenses that trigger career offender status went beyond the scope of its authority.[9] In *United States v. Lightbourn*, the Fifth Circuit held that:

> The amended version of § 4B1.1 . . . draws its authority from the general guideline promulgation powers found at 28 U.S.C. § 994(a)-(f) and is not limited to the enumerated offenses found at 28 U.S.C. § 994(h). The Sentencing Commission has now lawfully included drug conspiracies in the category of crimes triggering classification as a career offender under § 4B1.1 of the Sentencing Guidelines.[10]

Indeed, Defendant argued on appeal of his sentence that "the Sentencing Commission impermissibly used the commentary to the Sentencing Guidelines to bring conspiracy offenses within the career offender guideline's definition of 'controlled substance offense,'" and the Fifth Circuit rejected his argument in reliance on *Lightbourne*.[11] More recently, in *United States v. Vargas*, the Fifth Circuit held that the guideline definition of "controlled substance offense" was not inconsistent with the commentary's view that the definition includes

---

[8] Doc. 112.
[9] United States v. Lightbourn, 115 F.3d 291, 293 (5th Cir. 1997).
[10] *Id.*
[11] United States v. Lam, 803 F. App'x 796 (5th Cir. 2020)

conspiracies.[12] Accordingly, the underlying premise of Defendant's separation of power argument—that the sentencing commission exceeded its authority—lacks merit.

Next, Defendant argues that the application of a career offender enhancement to him violates the due process clause because the sentencing guidelines are not the law. He argues that the guidelines provisions for classifying career offenders "are only applicable if they are consistent with the federal statute's requirements, and they cannot override or expand them."[13] But as previously discussed, the Fifth Circuit has held that the sentencing guidelines for classifying career offenders are lawful.[14] Indeed, the Fifth Circuit held that the career offender enhancement was properly applied in this case.[15] Accordingly, this argument too fails.[16]

Finally, Defendant argues that the application of a career offender enhancement to him violates the equal protection clause where other circuit courts do not agree that conspiracy offenses should be included as predicate offenses for career offender enhancements. He argues that this "circuit split" results in similarly situated defendants in different circuits receiving different treatment. But defendants routinely receive different penalties for the same criminal conduct in different jurisdictions, and courts have held that this is not

---

[12] United States v. Vargas, 74 F.4th 673, 690 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 828 (2024).
[13] Doc. 112.
[14] *Lightbourn*, 115 F.3d at 293.
[15] *Lam*, 803 F. App'x at 797.
[16] *See* United States v. Hayden, 898 F.2d 966, 967 (5th Cir. 1990).

a violation of the equal protection clause.[17] Further "[t]he imposition of greater punishment based on the nature of the crime and on the recidivist nature of the perpetrator is recognized as a legitimate sentencing principle. Section 4B1.1 implements Congress' directive that the guidelines base a defendant's sentence upon consideration of the offense committed and the defendant's criminal history."[18]

The Supreme Court has upheld the sentencing guidelines against "basic Constitutional challenges."[19] And the Fifth Circuit has held "that classifying an individual as a 'career offender' under the Guidelines does not violate either" the due process or equal protection clauses.[20] This Court follows suit here and finds that Defendant has failed to show that his sentence was unconstitutional. Further, it is well settled that rehabilitation alone is insufficient to grant compassionate release.[21] Accordingly, Defendant has not shown an extraordinary and compelling reason for compassionate release.

---

[17] United States v. Smith, 681 F. App'x 483, 490 (6th Cir. 2017) ("The fact that different states punish the possession of a certain amount of a controlled substance differently, thus making the same conduct a predicate for a career-criminal enhancement for some defendants but not for others, does not give rise to a constitutional challenge to the Guidelines."); United States v. Holmes, 11 F. App'x 408, 409 (6th Cir. 2001) ("A wide disparity between sentencing schemes of different jurisdictions does not violate equal protection, even where two persons who commit the same crime are subject to different sentences.").

[18] *Hayden*, 898 F.2d at 967.

[19] United States v. Woolford, 896 F.2d 99, 101 (5th Cir. 1990) (citing Mistretta v. United States, 488 U.S. 361 (1989)).

[20] United States v. Bazan, 77 F.3d 473 (5th Cir. 1995) (citing *Hayden*, 898 F.2d at 967); United States v. Prudhome, 13 F.3d 147, 150 (5th Cir. 1994) ("Sentence enhancement for recidivism is an effort by the legislative branch to deal with those who, by repeated criminal acts, demonstrate an unwillingness or inability to conform to the norms of society. So considered, sentence enhancement passes due process and equal protection scrutiny.").

[21] *See* United States v. Hughes, No. 4:18-CR-46(25), 2022 WL 2483720, at *4 (E.D. Tex. July 6, 2022) (and cases cited therein); 28 U.S.C. § 994 ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); U.S.S.G. § 1B1.13(d)

## **CONCLUSION**

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 23rd day of May, 2024.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.").